Jin v. Lynch

BIA
Nelson, IJ
A088 530 621

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand sixteen.

PRESENT:
>    ROBERT A. KATZMANN,
>         *Chief Judge,*
>    SUSAN L. CARNEY,
>    CHRISTOPHER F. DRONEY,
>         *Circuit Judges.*

_____

HUA JIN,
>    *Petitioner,*

>    v.                                         14-2288
>                                               NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

**FOR PETITIONER:**        Jim Li, Flushing, NY.

**FOR RESPONDENT:**        Benjamin C. Mizer, Acting Assistant
                           Attorney General; Melissa
                           Neiman-Kelting, Senior Litigation

Counsel; Jessica A. Dawgert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hua Jin, a native and citizen of the People's Republic of China, seeks review of a June 2, 2014, decision of the BIA affirming the September 19, 2012, decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Hua Jin*, No. A088 530 621 (B.I.A. June 2, 2014), *aff'g* No. A088 530 621 (Immig. Ct. N.Y. City Sep. 19, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For asylum applications like Jin's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" the inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such" a ruling. *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Substantial evidence supports the agency's adverse credibility determination.

The agency relied on multiple inconsistencies in finding Jin not credible. For example, the agency reasonably relied on an inconsistency regarding when Jin was arrested in China: on June 8, 2005, or June 8, 2006. The agency was not required to credit her explanation that she was nervous. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The agency also reasonably relied on an inconsistency regarding Jin's reporting to police following her arrest. Jin's testimony that she reported to the police only twice during the relevant time period, conflicted with her testimony that she was forced to report about "once every other month" between her 2005 arrest and her August 2006 departure from China.

Jin also testified inconsistently regarding where she had lived in the United States. She testified that she only lived in New York between 2008 and 2011, but her documentary evidence showed that she had also lived in Illinois during that time period. The agency was not compelled to credit her explanation that she only lived in Illinois for a short time. *See id.* The agency also reasonably relied on Jin's internally inconsistent testimony regarding the dates that she allegedly wrote and submitted articles for the Chinese Democratic Party. Moreover, her testimony regarding when an article was written and published was inconsistent with a copy of that article.

4

These inconsistencies supported the agency's credibility determination.[1]

Having questioned Jin's credibility, the agency did not err in relying further on her failure to provide certain available evidence corroborating her claim. An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

The agency reasonably relied on Jin's failure to provide corroborating evidence from her husband, who Jin stated was aware of her political activities in the United States. Her explanations were insufficient to establish that she was unable to seek testimony or an affidavit from her husband, who, as a potential derivative beneficiary, had an incentive to testify. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011)

---

[1] While the agency erred in finding inconsistencies regarding whether police visited Jin's father in China in February 2008, remand would be futile because the other findings provide substantial evidence for the adverse credibility determination. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007).

5

(noting that the husband of an alien had "every incentive to testify on her behalf because, to the extent his testimony supported her application, it would inure to his benefit"). The agency also reasonably determined that Jin should have produced copies of the articles that she allegedly authored.

Finally, the agency reasonably gave diminished weight to the letters from Jin's father because they were prepared for her case and her father was not subject to cross-examination. *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010), *over'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). Accordingly, the agency did not err in determining that Jin failed to corroborate her claim. *See, e.g., Matter of L-A-C-*, 26 I. & N. Dec. 516, 519 (B.I.A. 2015) ("[R]egardless of whether an applicant is deemed credible, he has the burden to corroborate the material elements of the claim where the evidence is reasonably obtainable, without advance notice from the [IJ].").

Given the inconsistency and corroboration findings, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum,

6

withholding of removal, and CAT relief, as the claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7